Jeffrey A. Charlston (State Bar No. 65427)
    E-Mail: jcharlston@crwllp.com;
    Telephone: (310) 551-7010
CHARLSTON, REVICH, HARRIS & HOFFMAN LLP
1925 Century Park East, Suite 320
Los Angeles, California 90067-1762

Attorneys for Plaintiff
Texas Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXAS INSURANCE COMPANY, a Texas corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>DO LAB, INC., a California corporation,<br><br>            Defendant. | Case No.<br><br>COMPLAINT OF TEXAS INSURANCE COMPANY FOR DECLARATORY RELIEF |

Comes Now Plaintiff, Texas Insurance Company, a Texas corporation, and for its Complaint for Declaratory Relief against Do Lab, Inc., a California corporation, alleges as follows:

## I. THE NATURE OF THIS ACTION

1. Pursuant to 28 U.S.C. Section 2201, Texas Insurance Company ("TIC") seeks a judicial determination that there is no potential for coverage under a policy of general liability insurance (the "TIC Policy") issued by TIC to Do Lab, Inc. ("Do Lab") for a claim brought against Do Lab by a person who alleges that he was bitten by a snake while attending a music festival sponsored by Do Lab because the subject claim is excluded from coverage under the Animal Exclusion contained in the TIC Policy.

///

## II. **THE PARTIES**

2. At all times herein mentioned, TIC was and is a corporation formed and existing under the laws of the State of Texas with its principal place of business located in the State of Nebraska and engaged in the business of insurance. Accordingly, TIC is deemed a citizen of both the State of Texas and the State of Nebraska for purposes of determining diversity jurisdiction.

3. At all times herein mentioned, Do Lab was and is a corporation formed and existing under the laws of the State of California with its principal place of business located in Nevada County, State of California and, accordingly, is a citizen of the State of California for purposes of determining diversity jurisdiction.

## III. **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 because, as alleged in the foregoing paragraphs 2 and 3 of this Complaint, this action is between citizens of different states and complete diversity of citizenship exists.

5. In addition, an actual controversy exists between the parties within the meaning of 28 U.S.C. Section 2201 with respect to the applicability of the TIC Policy's Animal Exclusion to the claim involving a patron at a Do Lab music festival being bitten by a snake in that TIC contends that the exclusion is applicable and Do Lab contends that the exclusion is not applicable to the subject claim.

6. The limit of liability under the TIC Policy is $1,000,000, per occurrence. Based upon anticipated medical treatment costs received from counsel for the snake bite victim and the anticipated expenses in defending and affording indemnity in the absence of the applicability of the Animal Exclusion, the underlying matter in controversy is believed to exceed the sum or value of $75,000, exclusive of interest and costs.

///

///

7. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 because Do Lab's principal place of business is located in Nevada County, California, which is within the Eastern District of California sitting in Sacramento, California.

## IV.  THE TIC POLICY

8. TIC issued a policy of general liability insurance to Do Lab for the policy period of May 12, 2025 to May 12, 2026, which bears Policy No. BESGLPTCA011501_170139_02 (the "TIC Policy").

9. A true and correct copy of the TIC Policy is attached to this Complaint as Exhibit "A" and incorporated herein by this reference.

10. In pertinent part, the TIC Policy affords coverage for damages that an insured may become legally obligated to pay as damages for "bodily injury" and/or "property damage" sustained during the policy period as a result of an "occurrence," which terms are defined in the TIC Policy as follows:

> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by
>    a person, including death resulting from any of these at any time.
>
> **13.** "Occurrence" means an accident, including continuous or repeated
>    exposure to substantially the same general harmful conditions.
>
> **17.** "Property damage" means:
>
>    **a.** Physical injury to tangible property, including all resulting loss of
>       use of that property. All such loss of use shall be deemed to occur
>       at the time of the physical injury that caused it; or
>
>    **b.** Loss of use of tangible property that is not physically injured.  …

11.  The limit of liability under the TIC Policy is $1,000,000 per "occurrence."

12.  The TIC Policy contains exclusions that describe subject matters or types of damage that are excluded from coverage under the TIC Policy.

13.  The TIC Policy contains an exclusionary endorsement entitled "Animal Exclusion," the text of which provides:

### ANIMAL EXCLUSION

Policy Amendment – Commercial General Liability

This Endorsement changes the Policy.  Please read it carefully

This endorsement modifies the insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

This insurance does not apply to "bodily injury" or "property damage" arising out of animals that are not performing or intended to perform at a "Declared Event."

For purposes of this exclusion, a "Declared Event" is an event declared and endorsed to this policy via the designated premises and project endorsement.

**This endorsement is otherwise subject to all the terms, conditions, exclusions, limitations and provisions of the policy to which it is attached.**

14.  The wording of the Animal Exclusion is clear and unambiguous.

15.  The clear import of the Animal Exclusion is that coverage will exist under the TIC Policy, and will *only exist* under the TIC Policy, for claims for damages caused by an animal that is performing in a Declared Event.

16.  The clear import of the Animal Exclusion is that no coverage will otherwise exist under the TIC Policy for claims for damages caused by an animal that is not performing at a Declared Event.

## V. THE SNAKE BITE CLAIM

17. By letter dated June 25, 2025, counsel for one Scott Vincent Schiefer wrote to Do Lab, which letter stated, in pertinent part:

> Please be advised that this firm represents Scott Vincent Schiefer in connection with injuries he sustained on or about May 24, 2025, while attending the Lightning in a Bottle festival. Our client was heading to his tent when he heard someone screaming. Upon attempting to render aid, he discovered that the source was a rattlesnake. While trying to assist, he was bitten. We have learned that multiple attendees had reported rattlesnake sightings or encounters in the days leading up to this incident. Despite these prior warnings, the event organizers failed to issue any advisories or take adequate safety measures, constituting a serious breach of their duty to maintain a safe environment.

18. Via e-mail dated November 12, 2025, Do Lab's insurance broker provided TIC with notice of the Snake Bite Claim, which e-mail included a copy of the letter from counsel identified in Paragraph 17 of this Complaint.

## VI. THE DISPUTE REGARDING THE APPLICABILITY OF THE ANIMAL EXCLUSION.

19. By letter dated December 12, 2025, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference, TIC advised Do Lab that there is no potential for coverage for the Snake Bite Claim under the TIC Policy because the Snake Bite Claim is within the scope of the Animal Exclusion quoted above and quoted in Exhibit "A."

20. By e-mail dated December 15. 2025, directed to Mr. Wolfgang Tattebach of Applied Risk Services, Inc., the entity authorized by TIC to handle the Snake Bite Claim on its behalf, a true and correct copy of which e-mail is attached hereto as Exhibit "C" and incorporated herein by this reference, Do Lab's insurance broker responded on behalf of Do Lab to the December 12, 2025 letter which had explained

why there is no potential for coverage for the Snake Bite Claim under the TIC Policy by virtue of the applicability of the Animal Exclusion, and contended that coverage should be afforded for such claim under the TIC Policy and that the Animal Exclusion was somehow ambiguous and should not be enforced. .

21. By e-mail dated December 18, 2025, a true and correct copy of which is attached hereto as Exhibit "D" and incorporated herein by this reference, counsel for TIC wrote to Do Lab's broker and responded to her December 15, 2025 e-mail identified in Paragraph 20 of this Complaint.

22. Counsel's December 18, 2025 e-mail, Exhibit "D" hereto, discussed the legal authority demonstrating the applicability of the Animal Exclusion to the Snake Bite Claim.

23. By E-mail dated December 18, 2025, a true and correct copy of which is attached hereto as Exhibit "E" and incorporated herein by this reference, Do Lab's broker responded to Exhibit "D" and persisted in contending that the Animal Exclusion should not apply to the Snake Bite Claim. Do Lab, by and through its insurance broker, has demanded TIC accept defense of Do Lab with respect to the Snake Bite Claim, and reimburse Do Lab for all defense costs incurred by Do Lab to date.

## FIRST CLAIM FOR RELIEF
### [For Declaratory Relief]

24. TIC refers to the foregoing paragraph 1 through 23, inclusive, and incorporates the same herein by this reference.

25. An actual controversy has arisen and now exists between TIC and Do Lab in that TIC contends, and Do Lab denies, that there is no coverage for the Snake Bite Claim under the TIC Policy by virtue of the applicability of the TIC Policy's Animal Exclusion.

26. TIC seeks, and is entitled to obtain, a declaration that there is no coverage for the Snake Bite Claim under the TIC Policy by virtue of the applicability of the

TIC Policy's Animal Exclusion and that TIC does not owe a defense or indemnity to any person or entity under the TIC Policy in connection with the Snake Bite Claim.

WHEREFORE, TIC prays for judgment against Do Lab as follows:

A. For a declaration that there is no coverage or potential for coverage for the Snake Bite Claim under the TIC Policy by virtue of the applicability of the TIC Policy's Animal Exclusion;

B. For a declaration that that by virtue of there being no coverage or potential for the Snake Bite claim under the TIC Policy by virtue of the applicability of the TIC Policy's Animal Exclusion, TIC does not owe a defense or indemnity to any person or entity in connection with the Snake Bite Claim;

C. For TIC's costs of suit incurred herein; and

D. For such other and further relief that the Court deems just and proper.

Dated:  January 13, 2026         CHARLSTON, REVICH, HARRIS & HOFFMAN LLP
                                 JEFFREY A. CHARLSTON

                                 By _____/s/ Jeffrey A. Charlston_____

                                 Jeffrey A. Charlston
                                 Attorneys for Plaintiff
                                 Texas Insurance Company